JOHN W. TOWER, ESQ. SBN106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd, Second Floor
Encinitas, CA  92024
(760) 436-5589 / Fax (760) 479-0570
Email: Towerlawsd@gmail.com

Attorney for Plaintiff
Leonard Molnar

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD MOLNAR, an individual<br><br>        Plaintiff,<br><br>  vs.<br><br>AETNA LIFE INSURANCE COMPANY, a Corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:  '18CV1839 JLS  NLS<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF ERISA [29 U.S.C. §1132] AND JURY DEMAND** |

    Plaintiff certifies that venue is proper in San Diego County as to all Defendants because this is the County in which the obligations of the Defendants under the subject insurance plan were to be performed, where the contract was breached and where the injuries and damages occurred.

    Plaintiff alleges as and for her causes of action as follows:

    1.    Plaintiff is a resident of the County of San Diego, State of California and was at all times herein mentioned covered by a life insurance policy which Plaintiff is informed and believes and thereon alleges was provided, sponsored, supplied, underwritten, administered, drafted and/or implemented by Defendants.

2. Plaintiff is informed and believes and thereon alleges that Defendant AETNA LIFE INSURANCE COMPANY (hereinafter "AETNA") is a corporation authorized to do and doing insurance business in the County of San Diego, State of California.

3. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 are somehow related to and/or controlled by the named Defendant and are related entities that were somehow involved in the issuing of Plaintiff's policy and/or the handling of Plaintiff's claim described herein. The true names and capacities of the Defendants sued herein under Section 474 of the Code of Civil Procedure as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the events herein referred to and caused the damages hereinafter alleged.

4. Plaintiff is informed and believes and thereon alleges that each Defendant is and was at all times herein mentioned acting as the agent and/or employee of each of the remaining Defendants and at all times acted within the scope and authority of said agency and/or employment.

5. As an employee of Cox Enterprises, Inc. Plaintiff was provided with a life insurance policy/plan that Plaintiff is informed and believes and thereon alleges was and is issued, underwritten and administered by Defendants and/or Defendants' predecessor(s)/assignor(s) who wrote the policy/plan, are in possession of same and are familiar with its terms and conditions. Plaintiff is informed and believes and thereon alleges that the Defendants drafted and/or issued the subject policy/plan and are completely familiar with all of its terms and conditions.

6. While the subject policy/plan was in effect, Plaintiff made a proper claim for an accelerated death benefit therefore entitling Plaintiff to benefits under the policy. Plaintiff submitted a claim in accordance with the provisions of the policy which was identified by the Defendants as Control No. 050398. The Defendants are

- 2 -

_____
Complaint for Damages for Violation of ERISA

completely familiar with Plaintiff's claim and the plan/policy under which it was made.

7. Plaintiff has performed all conditions, covenants and promises required on his part to be performed in accordance with the terms and conditions of the plan/policy referred to herein above except, if applicable, those that have been excused and/or waived by Defendants, or are otherwise inapplicable. Plaintiff exhausted his administrative remedies by going through the plan appeal process and submitting evidence of his limited life expectancy.

8. Within the past year, at San Diego, California, the Defendants breached their contractual and/or fiduciary obligations under the subject plan(s) and violated the provisions of 29 U.S.C. §1132 by failing to honor Plaintiff's claim for an accelerated death benefit even though Plaintiff is clearly entitled to the benefit in accordance with plan/policy provisions.

9. As a direct and proximate result of the Defendant's breach of contract and violation 29 U.S.C. §1132, Plaintiff has suffered and will continue to suffer damages including loss of policy/plan benefits according to proof at the time of trial, together with interest thereon at the legal rate, which sum will be subject to proof at the time of trial.

10. Pursuant to 29 U.S.C. §1132(g) Plaintiff hereby requests attorney's fees and costs in connection with recovering benefits due and owing from the Defendants. Furthermore, Plaintiff demands a trial by jury as to all issues herein giving rise to such a right.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For policy benefits under the plan according to proof at the time of trial;

2. For prejudgment interest on contractual benefits wrongfully withheld;

3. For reasonable expenses incurred, including reasonable attorney's fees and other costs related to the collection by Plaintiff of policy benefits wrongfully withheld by the Defendants; and

4. For costs of suit incurred herein and for such other and further relief as the Court may deem just and proper.

Dated: August 7, 2018                            LAW OFFICE OF JOHN W. TOWER


                                                 By: *s/ John W. Tower*
                                                      JOHN W. TOWER, ESQ.
                                                      Attorney for Plaintiff
                                                      Leonard Molnar


## JURY DEMAND

Plaintiff hereby demands a jury for all issues properly giving rise to the right to trial by jury.

Dated: August 7, 2018                            LAW OFFICE OF JOHN W. TOWER


                                                 By: *s/ John W. Tower*
                                                      JOHN W. TOWER, ESQ.
                                                      Attorney for Plaintiff
                                                      Leonard Molnar

___
Complaint for Damages for Violation of ERISA